44176. MULTIMEDIA WMAZ, INC. v. THE STATE et al.
(353 SE2d 173)

MARSHALL, Chief Justice.

After the trial judge had granted a motion for a change of venue from Houston County in the murder trial of Jacob Valdez Reyes, Multimedia WMAZ, Inc. d/b/a WMAZ-TV ("Multimedia") filed a request to televise the trial, which had been moved to Glynn County. After a hearing, the trial judge denied the request. After a second hearing, at which the defendant was present, the trial judge entered a supplemental order reaffirming the original order and noting that the

---

[1] For a more restrictive definition of "family" see *Macon Assn. v. Bibb County Comm.,* 252 Ga. 484 (314 SE2d 218) (1984).

defendant had objected to television coverage at the trial. Following this court's denial of its application for an interlocutory appeal, Multimedia directly appeals from the orders denying its request.

1. The direct appeal to this court is an appropriate means for the protection of the rights of the news media during judicial hearings in criminal cases, and the appeal was not rendered moot by the completion of the trial, because the underlying dispute is "capable of repetition, yet evading review." *R. W. Page Corp. v. Lumpkin,* 249 Ga. 576, 578 (1, 2) (292 SE2d 815) (1982) and cits.

2. Uniform Superior Court Rule 22 (253 Ga. 833) provides in part as follows: "*Unless* otherwise provided by rule of the Supreme Court or *otherwise ordered by the assigned judge after appropriate hearing (conducted after notice to all parties and counsel of record) and findings,* representatives of the print and electronic public media may be present at and unobtrusively make written notes and sketches pertaining to any judicial proceedings in the superior courts. However, due to the distractive nature of electronic or photographic equipment, representatives of the public media utilizing such equipment are subject to the following restrictions and conditions: . . . (L) Reporters, photographers, and technicians should do everything possible to avoid attracting attention to themselves. Reporters, photographers, and technicians will be accorded full right of access to court proceedings for obtaining public information *within the requirements of due process of law, so long as it is done without detracting from the dignity and decorum of the court.*" (Emphasis supplied.)

Thus — consistently with the "open courthouse door" policy approved in *Lumpkin,* 249 Ga. 576, supra, fn. 1 — Rule 22 permits electronic-media coverage of trials in the superior courts unless the assigned judge, after "appropriate hearing" with notice, makes specific findings that such coverage is either not "within the requirements of due process of law" or cannot be "done without detracting from the dignity and decorum of the court."

In the case at bar, there was no objection by either the state or by defense counsel to the request for electronic-media trial coverage, and both the trial judge and Multimedia's news director stated that they had inspected the Glynn County courtroom and had concluded that the request was reasonable. The trial judge also stated that he would have granted the request had the trial remained in Houston County. Notwithstanding the above, the trial judge denied the request based on the local policy (not approved by this court as a "local rule" pursuant to Uniform Superior Court Rule 1.2; 253 Ga. 809) of Glynn County's judicial circuit against electronic-media trial coverage. In his order, the trial judge, in elaborating on his rationale, held that it would be presumptuous to substitute his own conclusions, since "reasonable minds" could and did differ; that electronic-media

coverage is inherently disruptive and distracting; that Rule 22 is permissive, not directory; and that it is in the interest of judicial comity to yield to the policies of the local judges, who are more familiar with their situations, rather than to subject them to a third-degree interrogation to ascertain the basis of their policies.

" 'The judge has a discretion in regulating and controlling the business of the court, and the appellate court should never interfere with the exercise of this discretion, unless it is plainly apparent that wrong has resulted from the abuse.' *Clark v. Bd. of Dental Examiners*, 240 Ga. 289, 292 (240 SE2d 250) (1977)." *Opatut v. Guest Pond Club*, 254 Ga. 258, 259 (2) (327 SE2d 487) (1985). We hold that Rule 22 requires the presiding judge to make his own independent determination as to whether or not electronic-media trial coverage is "within the requirements of due process of law" and can be "done without detracting from the dignity and decorum of the court."

The trial judge here stated at the hearing on the request that he had been told that members of the news media, one or more judges in Glynn County's judicial circuit, and Glynn County officials had viewed the courtroom in question with regard to the feasibility of electronic-media trial coverage, and that the Glynn County judges had concluded that it would be too distracting, due to the locations of a side entrance and a jury room across the rear of the courtroom. However, the denial of the request was not based on an exercise of discretion as to whether the conditions of Rule 22 would be met in this particular trial under the control of this particular judge, but upon an apparently inflexible, unconditional, indiscriminating local policy, in the interest of judicial comity. The Uniform Superior Court Rules "are to be given statewide application" (Rule 1.4), they "are not subject to local deviation except as provided" therein (Rule 1.5), and local rules (to be approved by this court) cannot be inconsistent with the Uniform Rules (Rule 1.2).

While the issue is moot in the present case due to the conclusion of the trial in which the request was made, we reverse the denial of the request in order to establish guidelines for future applications of Rule 22 regarding electronic-media coverage.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 24, 1987.

*Jones, Cork & Miller, Hubert C. Lovein, Jr.,* for appellant.

*G. Theron Finlayson, District Attorney, Cook & Shaffer, Rick Cook, J. Robert Faulkner,* for appellees.