45037. GEORGIA TELEVISION COMPANY d/b/a WSB-TV et al.
v. THE STATE.
(363 SE2d 528)

GREGORY, Justice.

This is an appeal from a ruling by the trial court barring television cameras from the courtroom during pretrial hearings in the prosecution of George Elder Dungee. We affirm.

Dungee was one of the defendants convicted and sentenced to death in 1974 for the murder of six members of the Alday family in Donalsonville, Georgia. His conviction was vacated in 1985 by the Eleventh Circuit Court of Appeals because extensive pretrial publicity in that case had prejudiced defendant's right to receive a fair trial before an impartial jury. *Isaacs v. Kemp*, 778 F2d 1482 (11th Cir.) (1986).

Dungee is scheduled to be retried in Muscogee County. Appel-

---

lants, WSB-TV and WTVM-TV, filed a motion to televise the pretrial proceedings. The defendant opposed the motion. The court denied the motion on the basis that "the due process rights of this defendant would be substantially violated by allowing that coverage." Appellants contend this ruling is error.

1. First, appellants argue the trial court did not make specific findings required by Rule 22 of the Uniform Superior Court Rules. We have held Rule 22 requires specific findings. *Multimedia WMAZ, Inc. v. State*, 256 Ga. 698 (353 SE2d 173) (1987). The record reflects, however, that the trial court made specific findings in this case. The court referred to the considerable history of the case which included a conviction set aside because of extensive pretrial publicity. *Isaacs v. Kemp*, supra. See also *Coleman v. Kemp*, 778 F2d 1487 (11th Cir. 1985). The history and record of the case are adequate sources for the findings made. In the order the court noted the case had achieved considerable notoriety. In a colloquy the court observed that camera coverage of pretrial hearings would add to the notoriety. An express finding was made that Dungee's due process rights would be substantially violated by camera coverage because of the increased notoriety it would give the case. We hold these findings were sufficient to support the denial of the motion.

2. Appellants' second argument is that Dungee failed to carry his burden of proof. They urge the test announced in *R. W. Page Corp. v. Lumpkin*, 249 Ga. 576 (292 SE2d 815) (1982). There, we held a pretrial hearing in a criminal case shall be open to the press and public unless the defendant is able to demonstrate on the record by clear and convincing proof that closing the hearing is the only means by which a clear and present danger to his right to a fair trial or other right can be avoided. *R. W. Page*, however, was a closure case where the public and the press were excluded. It does not govern this case. Here, by contrast, the proceedings are open except cameras are not permitted. The proper standard in this case is an exercise of discretion. *Multimedia WMAZ, Inc.*, supra. The trial judge made findings and, based on the findings, exercised his discretion to exclude cameras in order to protect Dungee's due process rights.

Consequently, we find no error.

*Judgment affirmed. All the Justices concur. Weltner, J. disqualified.*

DECIDED JANUARY 6, 1988 —
RECONSIDERATION DENIED FEBRUARY 4, 1988.

*Dow, Lohnes & Albertson, James A. Demetry,* for appellants.
*Charles M. Ferguson, District Attorney, G. Terry Jackson,*

*Michael G. Schiavone, Thomas M. West, Stephen B. Bright, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General*, for appellee.