45221. GEORGIA TELEVISION COMPANY, d/b/a WSB-TV et al.
v. NAPPER et al.
(365 SE2d 275)

GREGORY, Justice.

WSB-TV appeals from a ruling denying its request to televise certain judicial proceedings under Rule 22 of the Uniform Superior Court Rules. We reverse.

Atlanta Public Safety Commissioner George Napper announced that he would brief the members of the Public Safety Committee and the Atlanta City Council on the contents of a report completed by the Internal Affairs Unit for the Police Bureau concerning allegations by Ms. Alice Bond of drug activity by former State Senator Julian Bond. Prior to the briefing, the Chairperson of the Public Safety Committee stated that the meeting would be closed to the public and the media.

Three media organizations, including WSB-TV, filed actions under Georgia's Open Meetings Act to obtain access to the meeting. An emergency hearing was scheduled. WSB-TV filed a request under Uniform Superior Court Rule 22 to provide electronic and photographic news coverage of the emergency hearing. It is from the order denying the Rule 22 request that this appeal is taken.

1. "Unless otherwise provided by rule of the Supreme Court or otherwise ordered by the assigned judge after appropriate hearing . . . and findings, representatives of the print and electronic public media may be present at and unobtrusively make written notes and

sketches pertaining to any judicial proceedings in the superior courts. However, due to the distractive nature of electronic or photographic equipment, representatives of the public media utilizing such equipment are subject to the following restrictions and conditions . . . (L) Reporters, photographers, and technicians will be accorded full right of access to court proceedings for obtaining public information within the requirements of due process of law, so long as it is done without detracting from the dignity and decorum of the court." Unif. Sup. Ct. R. 22.

In *Multimedia WMAZ, Inc. v. State,* 256 Ga. 698 (353 SE2d 173) (1987) this court held that "Rule 22 permits electronic-media coverage of trials in the superior courts unless the assigned judge, after 'appropriate hearing' with notice, makes specific findings that such coverage is either not 'within the requirements of due process of law' or cannot be 'done without detracting from the dignity and decorum of the court.' "

2. The trial court made no finding that the requested coverage was beyond the requirements of due process of law or that it would detract from the dignity and decorum of the court. Instead, the court disallowed coverage because it may "stifle, inhibit, frustrate or prevent" the Socratic dialogue beneficial to the free exchange of ideas between court and counsel. This is not an adequate basis for denial under Rule 22 of electronic media coverage unless it results in a denial of due process of law or detracts from the dignity and decorum of the court. See *Ga. Television Co. d/b/a WSB-TV v. State,* 257 Ga. 764 (363 SE2d 528) (1988).

3. In support of the denial of coverage the trial court held it was not shown the hearing was of sufficient newsworthiness to warrant electronic media coverage. Under Rule 22 the newsworthiness of the proceeding before the court is not a matter for the determination of the court, nor can the lack of newsworthiness constitute a basis for denial of coverage.

*Judgment reversed. All the Justices concur, except Smith, J., who dissents.*

DECIDED MARCH 9, 1988.

*Dow, Lohnes & Albertson, R. Keegan Federal, Jr., James A. Demetry,* for appellants.

*Powell, Goldstein, Frazer & Murphy, James C. Rawls, Alston & Bird, Judson Graves, Kendric E. Smith,* for appellees.