S05A1181. MORRIS COMMUNICATIONS, LLC v. GRIFFIN et al.
(620 SE2d 800)

SEARS, Chief Justice.

Deanthony Griffin was indicted in Effingham County for murder, and was found guilty on February 19, 2005. Before trial, the appellant, Morris Communications, LLC, d/b/a The Savannah Morning News (the "newspaper"), filed a request for permission to use "a still camera for photographs" in its coverage of the trial. The trial court subsequently denied the newspaper's motion, and the newspaper has now filed this appeal.[1] Because our review of the record shows

---

[1] Contrary to the contentions of the District Attorney and of the defendant, the newspaper's appeal is properly in this Court, see *WALB-TV, Inc. v. Gibson*, 269 Ga. 564, n. 2 (501 SE2d 821) (1998); *R.W. Page Corp. v. Lumpkin*, 249 Ga. 576, 578 (2) (292 SE2d 815) (1982); the appeal is not moot; see *WALB-TV*, 269 Ga. at 564, n. 1; *R.W. Page Corp.*, 249 Ga. at 578; and the record shows that the newspaper is not procedurally barred from contesting the denial of its motion.

that there is not a factual basis supporting the trial court's reasons for denying the newspaper's motion, we reverse.

Rule 22 of the Uniform Rules of Superior Court sets forth guidelines governing the electronic and photographic coverage of judicial proceedings. Among other things, Rule 22 (P) provides that "[a] request for installation and use of electronic recording, transmission, videotaping or motion picture or still photography of any judicial proceeding shall be evaluated pursuant to the standards set forth in OCGA § 15-1-10.1." Under that Code section, when considering a request to photograph judicial proceedings, a trial court may consider, among other things, "the impact upon the integrity and dignity of the court"; "the impact on the administration of the court"; "the impact upon due process"; and whether the "proposed coverage will promote increased . . . openness of judicial proceedings."[2] In ruling on a request for electronic and photographic coverage of judicial proceedings, a trial court should bear in mind this State's policy favoring open judicial proceedings.[3] Moreover, although the decision whether to allow electronic and photographic coverage of a trial is within the discretion of the trial court, if a trial court denies such coverage, there must be a factual basis in the record that supports the denial.[4]

In the present case, the trial court stated that the following factors supported its denial of the appellant's motion for electronic and photographic coverage: That the defendant objected to the media requests to insure due process and a fair trial; that the jurors desired to have their privacy rights protected and not to have their pictures broadcast; that the presence of a camera in the courtroom would not increase openness of the judicial proceedings; and that, because the courthouse in which the trial was being conducted was small, the presence of cameras in the courtroom would impact on the administration of the court and detract from the ends of justice.

We conclude that the record does not support these rulings. First, the trial court did not find that the requested media coverage would jeopardize Griffin's due process rights. Instead, the court stated that Griffin objected to the coverage out of concern for his due process rights. Although OCGA § 15-1-10.1 (b) (2) permits a trial court to consider the objection of "the parties or witnesses whose testimony will be presented in the proceedings," we conclude that a party's objection must set forth an adequate ground for denying a request for electronic and photographic coverage and that the record must contain some factual basis supporting that ground. Otherwise, a

---

[2] OCGA § 15-1-10.1 (b) (3)-(6).

[3] See *R. W. Page Corp.*, 249 Ga. at 576, n. 1, 578-580.

[4] See *WALB-TV*, 269 Ga. 565-566.

party, by lodging a simple, unsupported objection to open courtroom proceedings, will control the public's right of access to those proceedings.[5] Here, an adverse impact on a defendant's due process rights is an adequate ground for denying a motion for electronic and photographic coverage.[6] However, neither Griffin nor the trial court articulated any basis for a finding that the requested coverage would have an adverse impact on Griffin's right to a fair trial. And, our review of the record does not demonstrate any factual basis for concluding that the use of a still camera would have impacted Griffin's due process rights.

Moreover, although the trial court based the denial of the newspaper's motion on the jurors' desire for privacy, specifically, their desire not to be photographed,[7] the newspaper stated at the hearing on its motion that it would not photograph the jurors and would, in this regard, "comply with whatever instructions the court gave us." In addition, the record shows that no juror voiced any concern for his or her privacy. Thus, even assuming that a juror's desire for privacy may sometimes justify a denial of a motion for still photography, there is no support in the record in this case for denying the newspaper's motion due to privacy concerns of the jurors.

In addition, there is no factual basis to support the trial court's conclusion that the presence of a still camera would not increase openness of the proceedings. A camera generally will increase the openness of a judicial proceeding, and there is nothing in the record in this case to indicate that the newspaper's camera would not have done so. No party offered any evidence on this point, and the trial court did not explain, either at the hearing or in its order, why the camera would not increase openness.

Finally, the trial court stated that, due to the small size of its courthouse, the presence of a camera would impact upon the administration of the court and detract from the ends of justice. The trial court, however, did not offer any explanation regarding how a silent, still camera that could be held by one person would, even in a small courthouse, detract from the administration of the court and the ends of justice. In this regard, in *WALB-TV*, the trial court found that a videotape camera on a tripod would detract from the dignity and the

---

[5] See *R.W. Page Corp.*, 249 Ga. at 576, n. 1, 578-580 (discussing this State's policy favoring open judicial proceedings).

[6] *WALB-TV*, 269 Ga. at 564-565; *R.W. Page Corp.*, 249 Ga. at 578-579.

[7] OCGA § 15-1-10.1 does not specifically list the jurors' desire for privacy as a factor to be considered in ruling on a request for photographic and electronic coverage of a trial, but it does authorize the trial court to consider "[a]ny special circumstances" of the participants in the proceedings, including concerns regarding the safety of the participants, OCGA § 15-1-10.1 (b) (8), and to consider "[a]ny other factors which the court may determine to be important under the circumstances of the case," OCGA § 15-1-10.1 (b) (9).

administration of the court. Because the evidence showed that the camera would be stationary and silent, we concluded that the trial court abused its discretion in excluding the camera.[8] Here, the camera the newspaper desired to use was a still camera that arguably would have less impact on the proceedings than the videotape camera at issue in *WALB-TV*, and there was no evidence presented regarding how the camera would impact upon the administration of justice or detract from the ends of justice, even in a small courthouse. The trial court thus abused its discretion in excluding the camera on these grounds.

For the foregoing reasons, the trial court erred in denying the newspaper's motion to use a still camera during Griffin's trial.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 11, 2005.

*Hull, Towill, Norman, Barrett & Salley, David E. Hudson*, for appellant.

*Hall & Kirkland, Martha-Ann C. Kirkland, Matthew K. Hube, Caleb B. Banks*, for appellees.