## A06A0493. SAVANNAH MORNING NEWS v. JEFFCOAT.
(634 SE2d 830)

ADAMS, Judge.

The Savannah Morning News appeals from the superior court's order denying its request to place a still camera in the courtroom during a criminal trial, contending there was no factual basis to support the trial court's denial of its request. We agree and reverse.

The record shows that the Savannah Morning News filed a written request to place a still camera in a courtroom in the Effingham County Superior Court to record proceedings in a pending criminal case. The trial court denied the newspaper's request in a one-page written order based on its conclusion that "the presence of cameras . . . would be harmful to the rights of the Defendant, the State and the potential jurors." The trial court justified its conclusion by noting that the courthouse "is small and of limited space," and a camera would therefore "impact upon the administration of the court and would interfere with the court process and detract from the ends of justice." The trial court also found "that the presence of a silent camera in the courtroom [would not] increase public access to the court and to the openness of the proceedings."

In *Morris Communications v. Griffin*, 279 Ga. 735 (620 SE2d 800) (2005), the Supreme Court reversed a trial court's denial of a newspaper's request to place a still camera in a courtroom based on almost identical facts. In *Morris*, the trial court denied a newspaper's request for placement of a still camera in a courtroom based upon the following:

> That the defendant objected to the media requests to insure due process and a fair trial; that the jurors desired to have their privacy rights protected and not to have their pictures broadcast; that the presence of a camera in the courtroom would not increase openness of the judicial proceedings; and that, because the courthouse in which the trial was being conducted was small, the presence of cameras in the courtroom would impact on the administration of the court and detract from the ends of justice.

Id. at 736. The Supreme Court held that "although the decision whether to allow electronic and photographic coverage of a trial is within the discretion of the trial court, if a trial court denies such coverage, there must be a factual basis in the record that supports the denial." (Footnote omitted.) Id. Moreover, when exercising its discretion, "a trial court should bear in mind this State's policy favoring open judicial proceedings." (Footnote omitted.) Id. Based on the trial court's failure to elaborate in its ruling why a camera would not

increase openness and how a still camera would impact the administration of the court and detract from the ends of justice, as well as an absence of evidence to support these findings, the Supreme Court concluded that the trial court abused its discretion by denying the newspaper's request because there was no factual basis to support its conclusions.

Because there is no evidence in the record before us to provide a factual basis for the trial court's conclusions, which are almost identical to those at issue in *Morris*, we must reverse the trial court's denial of the newspaper's request to place a still camera in the courtroom.

*Judgment reversed. Blackburn, P. J., and Mikell, J., concur.*

## DECIDED JULY 25, 2006.

*Hull, Towill, Norman, Barrett & Salley, David E. Hudson*, for appellant.

*Richard A. Mallard*, for appellee.