**SECOND DIVISION
ANDREWS, P. J.,
MCFADDEN and RAY , JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**June 9, 2014**

# In the Court of Appeals of Georgia

A14A0520. McLAURIN v. OTT, Judge.

MCFADDEN, Judge.

Joshua McLaurin filed a petition and supporting brief requesting permission to make video recordings of the July 15, 2013 and July 18, 2013 criminal calendar proceedings in the Alcovy Judicial Circuit. After an extended colloquy, the trial court denied the petition, and McLaurin filed this appeal.[1] Because the trial court erred in

---

[1] McLaurin initially filed his appeal in our Supreme Court on the basis of *WALB-TV v. Gibson*, 269 Ga. 564, n. 2 (501 SE2d 821) (1998) (because order denying request for electronic media access to court proceedings was entered in the context of a murder prosecution and the trial court ruled that murder defendants' constitutional rights would be affected by the requested access, appeal was properly before Supreme Court pursuant to Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (8)).That court transferred the appeal to us, finding that "there is no indication in the record that [its] jurisdiction over murder cases is invoked in this appeal."

The Supreme Court styled the case, "Joshua McLaurin v. John M. Ott, Judge," and we do the same, although Judge Ott is not a party.

his application of OCGA § 15-1-10.1, the statute setting out the factors to be considered when determining whether to allow video recording in a courtroom, we vacate that decision and remand.

1. *Facts and proceedings below.*

McLaurin petitioned to record the criminal calendar proceedings in Walton County on July 15, 2013, and in Newton County on July 18, 2013. The petition and brief cited OCGA § 15-1-10.1 and Uniform Superior Court Rule 22, which addresses electronic and photographic news coverage of judicial proceedings.

Following a form set out at Rule 22, the petition recited that McLaurin was "Representing" the Yale Law School and that his "Position" was "Student." Before ruling, the trial court engaged McLaurin in an extended colloquy. During the course of that colloquy, McLaurin explained that he was engaged in a project examining the Georgia criminal justice system and the varying experiences of indigent defendants in different parts of the state. The trial court expressed concerns about McLaurin's inability to produce credentials confirming that he was in fact a law student engaged in an academic project, that McLaurin might actually be engaged in a for-profit venture, and that the finished product might be edited so as to create a false impression. And, noting that there were thirty cases on the calendar, the trial court

2

expressed concerns about the administrative burden of notifying the parties and any witnesses of their right to object.

At the end of the colloquy the trial court held that Rule 22 applies only to "news media" and was therefore inapplicable and that OCGA § 15-1-10.1 was controlling. That statute directs courts considering requests to televise, videotape, or film a judicial proceeding to consider the following factors:

(1) The nature of the particular proceeding at issue;

(2) The consent or objection of the parties or witnesses whose testimony will be presented in the proceedings;

(3) Whether the proposed coverage will promote increased public access to the courts and openness of judicial proceedings;

(4) The impact upon the integrity and dignity of the court;

(5) The impact upon the administration of the court;

(6) The impact upon due process and the truth finding function of the judicial proceeding;

(7) Whether the proposed coverage would contribute to the enhancement of or detract from the ends of justice;

3

(8) Any special circumstances of the parties, victims, witnesses, or other participants such as the need to protect children or factors involving the safety of participants in the judicial proceeding; and

(9) Any other factors which the court may determine to be important under the circumstances of the case.

OCGA § 15-1-10.1 (b).

At the end of the colloquy, the trial court analyzed the case under those factors; and his subsequent written order incorporated that oral analysis by reference. As to the first factor, nature of proceeding, the trial court simply noted that McLaurin sought to record all proceedings on the days in question. The trial court did not reach the second factor, consent or objection of the parties or witnesses, because doing so would have required "an individualized hearing with every case, with every witness in a balancing test," which, the trial court found, would have entailed an excessive administrative burden. As to the third factor, the trial court found that McLaurin's project would have done nothing to promote increased public access to the courts and openness of judicial proceedings because the proceedings "are open a hundred percent now." As to the fourth, the trial court found that there would be no impact upon the integrity and dignity of the court because the courtroom has an attached

4

media room from which the proceedings could be recorded without disturbing the participants. The trial court found dispositive the fifth factor, impact upon the administration of the court: "I find it does have a tremendous impact upon the administration of the court, because it doubles the court time and slows down the court time, and as the District Attorney has indicated, and the Public Defender would probably agree, they can't work on other things while they are in court, and we have just got a case load that everybody needs to be continuing working on." The trial court did not address the sixth factor, impact upon due process and the truth finding function of judicial proceedings. The trial court did not reach the seventh factor, enhancement of or detraction from the ends of justice, because, he held, he could not do so without seeing the finished product. The trial court also declined to reach the eighth factor, special circumstances of the parties, victims, witnesses, or other participants, because he was declining to have the sort of hearing necessary to address it. The trial court added no additional considerations under the ninth, catchall, factor.

2. *Jurisdiction.*

McLaurin's direct appeal "was not rendered moot by the completion of [the criminal calendar proceedings specified in his petition], because the underlying

dispute is capable of repetition, yet evading review." *Multimedia WMAZ v. State*, 256

Ga. 698, 699 (1) (353 SE2d 173) (1987) (citation and punctuation omitted).

3. *Uniform Superior Court Rule 22.*

McLaurin enumerates as error the trial court's finding that Rule 22 applies only

to members of the news media. But any error in that finding was harmless. The trial

court also found that OCGA § 15-1-10.1 applies to the requests of private individuals

like McLaurin, and the standards set out in that statute are incorporated into section

(P) of Rule 22.

We note however that the introductory paragraph to Rule 22 provides that

"representatives of the *public media* utilizing [electronic or photographic] equipment

are subject to the following restrictions and conditions. . . ." and section (B) of Rule

22 provides, "Approval of the judge to broadcast/record/photograph a proceeding, if

granted, shall be granted without partiality or preference *to any person . . . or type of*

*electronic or photographic coverage*, who agrees to abide by and conform to these

rules." (Emphasis supplied). See also *Brown v. Entertainment Merchants Assn.*, __

U. S. __, __ (II) (131 SCt 2729, 180 LEd2d 708) (2011) ("[W]hatever the challenges

of applying the Constitution to ever-advancing technology, the basic principles of

freedom of speech and the press, like the First Amendment's command, do not vary

6

when a new and different medium for communication appears.") (citation and punctuation omitted); *Lovell v. City of Griffin*, 303 U. S. 444, 452 (58 SCt 666, 82 LEd 949) (1938) (on certiorari to the Court of Appeals of Georgia) ("The press in its historical connotation comprehends every sort of publication which affords a vehicle of information and opinion."). More fundamentally, we note that any effort by the courts to decide who is and who is not entitled to be treated as legitimate "news media" impinges on a core foundational principle. See *Lovell v. City of Griffin*, supra, 303 U. S. at 451-52.

4. *OCGA § 15-1-10.1.*

The trial court's analysis of the statute, while thoughtful, overlooks our Supreme Court's direction that when ruling on requests under OCGA § 15-1-10.1, trial courts "should bear in mind this state's policy favoring open judicial proceedings." *Morris Communications v. Griffin*, 279 Ga. 735, 736 (620 SE2d 800) (2005). "[A]lthough the decision whether to allow electronic and photographic coverage of a trial is within the discretion of the trial court, if a trial court denies such coverage, there must be a factual basis in the record that supports the denial." Id. (citation omitted).

In light of that policy, we must vacate the trial court's determination, under factor three, that because proceedings are open to anyone who wants to travel to the courthouse, the proposed coverage would not promote increased public access to the courts and openness of judicial proceedings. "A camera generally will increase the openness of a judicial proceeding, and there is nothing in the record in this case to indicate that [McLaurin's] camera would not have done so." Id. at 737.

And we must vacate the trial court's determination, under factor five, that it would be an excessive administrative burden to determine whether any party, witness or other participant has an objection. We defer, of course, to the trial court's finding that he could not notify all of the participants with a single announcement. But we still must determine whether there is a "factual basis in the record for finding that" the administrative burden would be excessive. See *WALB-TV*, supra, 269 Ga. at 566. We conclude, notwithstanding our acceptance of the trial court's finding that a single announcement would be insufficient, that the record does not support his conclusion that the administrative burden would be excessive. The trial court has broad discretion in deciding how best to provide the requisite notice and opportunity to be heard. Under Georgia's policy favoring open judicial proceedings as well as the text

8

of OCGA § 15-1-10.1, a petitioner is entitled to consume a reasonable amount of judicial resources in adjudicating the petition and the merits of any objections.

We therefore conclude that the trial court erred in excluding the camera, and remand for reconsideration. See id.; *Morris Communications*, supra, 279 Ga. at 737-38 ("[I]n *WALB-TV*, the trial court found that a videotape camera on a tripod would detract from the dignity and the administration of the court. Because the evidence showed that the camera would be stationary and silent, we concluded that the trial court abused its discretion in excluding the camera."). "Where, as here, it appears from the trial court's stated explanation for its ruling that it engaged in an incomplete exercise of discretion based on an erroneous theory of law, the proper remedy from this court is to remand the case to the trial court for its full consideration of the appropriate factors." *Daniel v. Fulton County*, 324 Ga. App. 865, 867-868 (752 SE2d 1) (2013).

Because it may arise on remand, we question whether evaluation of "the finished product" is authorized by the seventh factor, enhancement of or detraction from the ends of justice, which the trial court did not reach.[2] We sympathize with the

_____

[2]We likewise question whether OCGA § 15-1-10.1 authorizes trial courts to consider whether a petitioner's project is for profit or nonprofit. See *Huminski v. Corsones*, 396 F3d 53, 84-85 (2) (2d Cir. 2005).

trial court's stated concern that McLaurin might ultimately produce a report or video that is disrespectful or misleading. Such things have been known to occur. And members of the Supreme Court of the United States have expressed similar concerns in defending that Court's continuing policy excluding cameras. But "Georgia law, as we perceive it, regarding the public aspect of hearings in criminal cases is more protective of the concept of open courtrooms than federal law." *R. W. Page Corp. v. Lumpkin*, 249 Ga. 576, 578 (3) (292 SE2d 815) (1982).

*Judgment vacated and case remanded. Andrews, P. J., and Ray, J., concur.*