# Court of Appeals
# of the State of Georgia

ATLANTA,  August 20, 2024

*The Court of Appeals hereby passes the following order:*

**A25D0005. MATTHEW D. MCMASTER v. JOHN LOWE et al.**

Non-party Matthew D. McMaster filed a request under Uniform Superior Court Rule 22 to record proceedings in a pending divorce action between John and Laura Lowe.[1] The trial court denied the request and reserved ruling on a request for attorney fees against McMaster, who then filed this application for discretionary appeal. According to McMaster, the order may be appealed directly, but he filed a discretionary application out of an abundance of caution. We, however, lack jurisdiction.

As a general rule, a direct appeal lies from a final judgment when the case is no longer pending below. See OCGA § 5-6-34 (a) (1). Appellate courts have created an exception to this finality requirement known as the collateral order doctrine, which allows for the immediate appeal "of a very small class of interlocutory rulings that are effectively final in that they finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Buckner-Webb v. State*, 314 Ga. 823, 827-828 (2) (a) (878 SE2d 481) (2022) (punctuation omitted).

---

[1] Under this rule, "[i]t is the policy of Georgia's courts to promote access to and understanding of court proceedings not only by the participants in them but also by the general public and by news media who will report on the proceedings to the public." USCR Rule 22 (A). Thus, even non-parties may request permission to record proceedings. USCR Rule 22 (F).

McMaster argues that he is entitled to a direct appeal of the trial court's order based on the Supreme Court's holding in *Multimedia WMAZ, Inc. v. State*, 256 Ga. 698 (353 SE2d 173) (1987). In that case, however, the Supreme Court did not explicitly find that the trial court's denial of a request under Uniform Superior Court Rule 22 was subject to direct appeal under the collateral order doctrine; it found that the issue was not rendered moot by the resolution of the underlying criminal case. Id. at 699 (1). And we see no need to expand the collateral order doctrine to include the denial of a request under Rule 22 as such a ruling can be appealed through interlocutory appeal procedures. See *Buckner-Webb*, 314 Ga. at 831 (2) (b); accord *Sosniak v. State*, 292 Ga. 35, 44 (734 SE2d 362) (2012) (Nahmias, J. concurring). McMaster is thus not entitled to a direct appeal under the collateral order doctrine. Accordingly, this application for discretionary appeal is not subject to a grant under OCGA § 5-6-35 (j).

Because the order McMaster seeks to appeal is non-final, he was required to comply with the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b) in order to appeal. See *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991). The filing of an application for discretionary appeal does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b), including obtaining a certificate of immediate review from the trial court. See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996).

Accordingly, we lack jurisdiction over this application for discretionary appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,*  08/20/2024

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*