# Court of Appeals
# of the State of Georgia

ATLANTA, November 06, 2024

*The Court of Appeals hereby passes the following order:*

## A25D0088. MARY MURRAY v. JOHN LOWE et al.

Non-party Mary Murray sent a request under Uniform Superior Court Rule 22 to record proceedings in a pending divorce action between John and Laura Lowe. The trial court did not consider the request, finding it was untimely. Murray then filed her discretionary application to the Supreme Court, stating she is entitled to direct appeal but was filing a discretionary application out of an abundance of caution. Finding no basis for exercising their jurisdiction, the Supreme Court transferred Murray's application to this Court. See Case No. S25D0101 (Sept. 23, 2024). We, however, lack jurisdiction.

As a general rule, a direct appeal lies from a final judgment when the case is no longer pending below. See OCGA § 5-6-34 (a) (1). Appellate courts have created an exception to this requirement known as the collateral order doctrine, which allows for the immediate appeal "of a very small class of interlocutory rulings that are effectively final in that they finally determine claims of right separable from, and collateral to, rights asserted in the action[.]" *Buckner-Webb v. State*, 314 Ga. 823, 827-828 (2) (a) (878 SE2d 481) (2022) (punctuation omitted). Murray argues that she is entitled to a direct appeal based on the Supreme Court's holding in *Multimedia WMAZ, Inc. v. State*, 256 Ga. 698 (353 SE2d 173) (1987). In that case, however, the Supreme Court did not explicitly find that the trial court's denial of a request under Rule 22 was subject to a direct appeal under the doctrine; it found that the issue was not rendered moot by the resolution of the underlying criminal action. Id. at 699 (1). We see no need to expand the collateral doctrine because a party can seek interlocutory review

of such a ruling through the interlocutory appeal procedure. See *Buckner-Webb*, 314 Ga. at 831 (2) (b); accord *Sosniak v. State*, 292 Ga. 35, 44 (734 SE2d 362) (2012) (Nahmias, J., concurring). Murray is thus not entitled to a direct appeal under the collateral order doctrine. Accordingly, this application for discretionary appeal is not subject to a grant as a direct appeal under OCGA § 5-6-35 (j).

Because the order Murray seeks to appeal is non-final, she was required to comply with the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b) in order to appeal. See *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588-589 (1) (408 SE2d 103) (1991). The filing of an application for discretionary appeal does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b), including obtaining a certificate of immediate review from the trial court. See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996).

Accordingly, we lack jurisdiction over this discretionary appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,___11/06/2024_____*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*